24 C.C.P.A.(Patents)

## In re RIC-WIL CO.
### Patent Appeal No. 3726.

Court of Customs and Patent Appeals.

Feb. 8, 1937.

Hawgood & Van Horn, of Cleveland, Ohio (Harvey R. Hawgood, of Cleveland, Ohio, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant applied in the United States Patent Office for registration under the Trade-Mark Act of February 20, 1905, as amended (15 U.S.C.A. § 81 et seq.), of the trade-mark "Dry-paC" for use in connection with the sale of heat insulating materials. As shown by the application, the letters are shown in black block form. Between the syllables "Dry" and "paC," in the drawing, are representations of two filled bags, one erect and one reclining.

The Examiner required a disclaimer of the representation of the goods and the words "Dry-paC," "Conduit Filler," "Cleveland, Ohio," and "Dry-paC," apart from the mark shown, and also an amendment to show that the crosshatching was for shading and not to indicate color. The applicant disclaimed all except the word "Dry-paC" and also amended as suggested. The Examiner refused registration on the ground that the name de-

sired to be registered was descriptive, and the Commissioner, on appeal, affirmed that decision.

The material upon which the appellant uses the mark in question is treated asbestos in a loose or fibrous state, and is used as a packing for pipes to insulate against the transfer of heat. Appellant states that it is called "Dry-paC" because, being made of asbestos, it is "something more than waterproof, having a property of readily shedding water which may be described as being 'water repellant.'" Appellant contends that the material will not keep water away from the pipe with which it is used, but will readily drain it off after the water does reach the pipe. Hence it is argued that the name may be suggestive, but is not descriptive. The applicant cites a large number of marks registered by the office recently, which are claimed to be more descriptive than the one here involved. Even if this be true, it constitutes no reason why the registration of appellant's mark should be allowed, if it be descriptive. Administrative errors cannot change the law.

The Examiner called attention to the fact that it was well known in the art that asbestos materials used as a packing are commonly applied in either a dry form, or in a cementitious form capable of adhering to the surface covered. He also stated that a prime requisite of heat packing material was dryness and intervening air spaces.

The Commissioner agreed with these suggestions of the Examiner, and further stated that such covering of pipes was commonly referred to in the trade as "packing."

We are of opinion that the Commissioner did not err in holding that the appellant's mark "Dry-PaC" is descriptive. It seems quite obvious that the syllable "Dry" would be associated in the mind of even the casual observer with its character as a dry material. It is equally obvious that the syllable "paC" would be associated in the mind with a material which is packed about something. Appellant's counsel insist that to "pack" means to compress some substance tightly about another. The word "pack," however, cannot be so limited in its meaning. It is a matter of which the court may take judicial notice that objects are "packed" in cotton, or sawdust, or excelsior, or oats.

518

To misspell the word "pack" adds nothing to its registrability. California Canneries Co. v. Lush'us Products Co., 49 F.(2d) 1044, 18 C.C.P.A.(Patents) 1480.

This court has, on several occasions, had before it marks presenting substantially the same question of descriptiveness here involved. Some of these are: "Holed-Tite," for egg-flats, In re Holed-Tite Packing, Inc., 70 F.(2d) 109, 21 C.C.P.A.(Patents) 1039; "Featherweight," for concrete slabs, In re Federal Cement Tile Co., 58 F.(2d) 457, 19 C.C.P.A.(Patents) 1205; "Peaudouce," for skin cream, Walgreen Co. v. Godefroy Mfg. Co., 74 F.(2d) 127, 22 C.C.P.A.(Patents) 818; "Copperweld," for electric wire, cable, etc., In re Copperweld Steel Co., 62 F.(2d) 363, 20 C.C.P.A.(Patents) 786.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

24 C.C.P.A.(Patents)

