40 C.C.P.A. (Patents)

**Application of RADIO CORP. OF AMERICA.**

**Patent Appeals No. 5962.**

United States Court of Customs and Patent Appeals.

June 3, 1953.

181

missioner of Patents affirming the denial by the examiner of appellant's application for registration of the slogan "The Music You Want When You Want It" under section 3 of the Lanham Act, Trade-Mark Act of 1946, 15 U.S.C.A. § 1053. That section reads as follows:

"Sec. 3.   Service marks registrable

"Subject to the provisions relating to the registration of trade-marks, so far as they are applicable, service marks used in commerce shall be registrable, in the same manner and with the same effect as are trade-marks, and when registered they shall be entitled to the protection provided herein in the case of trade-marks, except when used so as to represent falsely that the owner thereof makes or sells the goods on which such mark is used. The Commissioner may establish a separate register for such service marks. Applications and procedure under this section shall conform as nearly as practicable to those prescribed for the registration of trade-marks." 15 U.S. C.A. § 1053.

The Patent Office refused to register the involved slogan as a service mark on the ground that the slogan was used by appellant in the advertising or sale of its *goods* rather than in the advertising or sale of its *services*, as required by the statute.

From the record it appears that the appellant manufactures phonograph records, prepares "package" radio programs of thirty minute length, and claims use since 1937 of the involved slogan in connection with those programs. Appellant declares the programs are devoted principally to playing "the very best musical classics" and are heard over approximately two hundred radio stations. Appellant pays the stations for the time employed in presenting its programs and has an agreement with them that only the records manufactured by it; namely, Victor records, provided without cost to the stations, are to be used on the programs. Appellant also designates the schedules of the broadcasts, the order in which the records are played, and speci-

John A. Wortmann, New York City, for appellant.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

WORLEY, Judge.

This is an appeal by the Radio Corporation of America, hereinafter referred to as appellant, from a decision of the Com-

fies that the involved slogan shall be used as the title of the programs.

Several radio scripts accompany the application for registration. Based on an examination of their contents, we believe a fair description of a representative program offered by appellant is substantially as follows: The program begins with an announcement that "His Master's Voice Is On The Air," immediately followed by "The Music You Want When You Want It in a program of Victor Red Seal Records." Then comes a brief discussion of the nature of the music to be played, something of the background of the composer and the character of his work, immediately following which appropriate selections are played. At the conclusion of the program, reference is made to the fact that the music is recorded on Victor Red Seal Records, and occasionally one of those records is further identified by its album number.

Appellant contends here, as below, that such activities constitute a "service" within the meaning of sections 3, supra, and 45 infra; that the slogan used in connection therewith is therefore entitled to registration as a service mark; and that the Patent Office erred in denying its application.

In considering appellant's position, we turn to section 45 of the Trade-Mark Act of 1946 which reads as follows:

§ 45. Construction and definitions;

*   *   *   *   *   *

"Service mark. The term 'service mark' means a mark used in the sale or advertising of services to indentify the services of one person and distinguish them from the services of others and includes without limitation the marks, names, symbols, titles, designations, slogans, character names, and distinctive features of radio or other advertising used in commerce." 15 U.S. C.A. § 1127. (Italics ours.)

Prior to the enactment of the Lanham Act, no statutory authority was available to protect the owners of service marks as such. In making provision for their registration, Congress enacted section 3, supra, and to make clear its intention succinctly defined the meaning of the term in section 45, supra.

As this court stated in the case of In re Lyndale Farm, 186 F.2d 723, 726, 38 C.C.P.A., Patents, 825, "A trade-mark's function is to identify and distinguish a product, whereas a trade name's function is to identify and distinguish a business."

We believe it equally true that Congress intended a service mark to function in such a fashion as to identify and distinguish those things of an intangible nature, such as services, in contradistinction to the protection already provided for the marks affixed to those things of a tangible nature such as goods and products. Clearly had Congress intended service marks to apply to goods or products, we believe it would have so stated.

Applying that interpretation to the facts of record here, we believe the commissioner was correct in concluding that the activities in which appellant is engaged do not constitute a service within the meaning of the involved sections but that they are primarily designed to advertise and sell its goods,[1] i. e., the records which it manufactures.

In support of that conclusion, we again refer to the radio scripts mentioned above and quote the following therefrom:

"*   *   *   [Announcer]

"His Master's Voice is on the air. The Music You Want When You Want It *in a program of RCA Victor Red Seal Records.*

*   *   *   *   *   *

"*   *   *   *This set of records, in RCA Victor Musical Masterpiece Album number 1136, will make a perfect gift for any music lover this Christmas,* *   *   *.

*   *   *   *   *   *

"Our program tonight consisted of the

---

1. The slogan is also affixed to the records manufactured by appellant.

'Scherzo' * * * *in RCA Victor Musical Masterpiece album number 1136:*

  *   *   *   *   *   *

"His Master's Voice is on the air. The Music You Want When You Want It *in a program of RCA Victor Red Seal Records.* * * * Fortunately, the unparalleled artistry of Heifetz *has been preserved for posterity on RCA Victor records,* * *.

  *   *   *   *   *   *

"All of the brilliant compositions played by Heifetz on this concert, the 'Double Concerto in D Minor: * * *' 'Carmen Fantasie' and 'Hora Staccata,' *are available on RCA Victor Red Seal records. Your dealer has them in stock now.* * * *ask to hear these, and many other thrilling performances by Heifetz.* * * * *Your dealer will be pleased to play them for you* * * *." (Italics ours.)

Appellant contends that, in view of the length of the entire program, references to its records are so fleeting and incidental as to be unimportant. We do not agree with that contention because it is clear that the program is primarily designed to sell appellant's records, and its references thereto can be of whatever length appellant feels is best designed and most effective in stimulating the desire of listeners to purchase the records.

█ Appellant further urges that the Patent Office is inconsistent in allowing the registration of service marks which appellant considers comparable to its own and under circumstances which appellant feels are comparable to those here. It is well settled that such contentions are not in order here. In re Ric-Wil Co., 87 F.2d 516, 24 C.C.P.A., Patents, 905, and Crime Confessions, Inc., v. Fawcett Publications, Inc., 139 F.2d 499, 31 C.C.P.A., Patents, 760.

We find nothing in the other reasons advanced by appellant sufficiently convincing to justify our reversing the decision appealed from.

The decision of the commissioner is hereby affirmed.

Affirmed.