Richard C. Browne, Washington, D. C., attorney of record, for appellant. Francis C. Browne, Richard G. Kline, Joseph A. DeGrandi, Brone, Beveridge & DeGrandi, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. John W. Dewhirst, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and CLARK, Justice (Ret.), United States Supreme Court, sitting by designation.

59 CCPA
**Application of MARRIOTT COR-
PORATION.**

**Patent Appeal No. 8752.**

United States Court of Customs and Patent Appeals.

May 25, 1972.

ALMOND, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board,[1] adhered to on reconsideration, affirming the action of the examiner in finally refusing to register the words "TEEN TWIST" as a trademark for a sandwich. The specimens filed with appellant's application[2] are menus upon which the mark appears as a designation for a ham, cheese and tomato sandwich.

The application alleges that the "mark is used by applying it to displays associated with the goods and otherwise * * *." The examiner refused registration on the ground that the specimens filed are menus and that menus do not represent proper trademark usage of a mark as displays associated with the goods. In essence, it was the examiner's view that use of the mark on a restaurant menu does not constitute use in commerce within the meaning of sections 1 and 45 of the Lanham Act (15 U.S.C. §§ 1051, 1127).

1. 164 USPQ 49 (1969).

2. Serial No. 216,843 filed April 19, 1965.

In affirming the examiner, the board stated:

> The precise issue raised by this appeal, i. e., whether or not use of a mark on a menu constitutes a trademark use thereof, has heretofore been determined in the negative by this Board in In re Marriott-Hot Shoppes, Inc., reported in 156 USPQ page 257. And the arguments advanced by applicant in the present case are not persuasive that our decision in the prior case involved error.

The rationale employed by the board in the cited case was:

> It does not require any real discussion as to whether menus and posters constitute displays associated with the goods because there is no close physical association of these devices with the goods.

A condition precedent to the registration of a trademark under the Lanham Act is that the mark be used in commerce. In pertinent part, section 45 of the Act provides that "a mark shall be deemed to be used in commerce (a) on goods when it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto and the goods are sold or transported in commerce * * *."

The question for determination here is whether the use of a mark on a restaurant menu constitutes a use on "displays associated" with the goods and, consequently, a use in commerce under the definition of that clause in section 45 of the Lanham Act (15 U.S.C. § 1127), no question having been raised as to whether the use was in "commerce which may lawfully be regulated by Congress" under the definition of "commerce."

It appears that the board did not attach any weight to the facts adduced of record in support of appellant's application for registration of the mark in issue. Instead, by relying on its prior decision, In re Marriott-Hot Shoppes, Inc., 156 USPQ 257 (1967), the board apparently precludes the use of menus and posters as constituting displays "associated with the goods" on the ground that "there is no close physical association of these devices with the goods."

In our view, "association with the goods" is a relative term amenable to proof. Under some circumstances, it may mean actual contact, or proximity, or contiguity. It should be borne in mind, however, that the statute here under consideration does not specifically require "close physical association," a test which would be narrow in its application and apparently would require some form of physical contact. The terms of the statute are met if the mark is placed "in any manner" on the "displays associated" with the goods.

The testimony adduced of record reveals that a customer desiring to place an order at appellant's restaurant is furnished, at the table or counter, with a menu, a check and a pencil. The customer writes the order on the check after making a selection from the menu. The waitress receives the order and reads it back to the customer to verify the food desired. The words TEEN TWIST must be written by the customer and read back by the waitress when the order for that sandwich is placed.

Often appellant's restaurants also have a curb service available. Order stations located at the parking spaces house a menu and a small speaker through which an order may be placed. The customer wishing to order a TEEN TWIST sandwich after perusing the curb menu calls his order through the speaker to an operator by saying the words TEEN TWIST. The operator transposes the order onto a check, and the order is filled for the customer.

In both the table and curb service, appellant's menu, with the instant mark thereon, indicates ingredients which compose the TEEN TWIST sandwich and also frequently has a small illustration of the sandwich. In either form, we think that the menu is a display of appellant's offering directly associated with appellant's goods. It is from this

word or pictorial depiction of the sandwich that the customer makes his selection, and his selection is not indicated on the check by the specific ingredients of its composition but by the mark TEEN TWIST. The fact that after the order is taken it is a short period of time until that order is translated into a sandwich delivered to the customer does not militate against the efficacy of the mark's association with the goods.

We think this association of the mark on the menu with the sandwich which the customer receives is sufficient to constitute use of the mark on "displays associated" with the goods. The menus are not unlike the point-of-sale counter and window displays which this court found adequate in Roux Laboratories, Inc. v. Clairol Inc., 427 F.2d 823, 57 CCPA 1173 (1970). We specifically reject the board's suggestion that the displays must be in physical contact with the goods in order to be associated therewith. Section 45 of the Lanham Act is simply not that limited in its scope. As Vandenburgh, in the second edition of his treatise on Trademark Law and Procedure, states:

> The 1946 Trademark Act created an innovation in making use of the mark on "displays associated" with the goods a trademark usage, although there had previously been limited recognition of such use. A distinction is drawn between a display *per se* as a trademark and a display which exhibits the mark thereon. The latter would be a poster or the like on, or in, the showcase for the goods, or conceivably even on the window of the store in which the goods were sold, which poster exhibited the word, name, symbol or device and would be a use within the terms of the statute of the word, name, symbol or device.

We are convinced that the menus, as here displayed and used in connection with appellant's TEEN TWIST sandwich and having the mark sought to be registered thereon, constitute displays associated with appellant's goods within the ambit of section 45 of the Lanham Act (15 U.S.C. § 1127) and that the Trademark Trial and Appeal Board erred in affirming the refusal of registration. The decision of the board is, accordingly, reversed.

Reversed.

CLARK, Justice, took no part in the decision of this case.