**LANDS' END, INC., Plaintiff,**

v.

**Harry F. MANBACK, Jr., Commissioner of Patents and Trademarks for the United States Patent and Trademark Office, Defendant.**

**Civ. A. No. 92–0715–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

July 31, 1992.

---

512

Lawrence Jay Gotts, Kirkland & Ellis, Washington, D.C., for plaintiff.

Richard Cullen, U.S. Atty., E.D.Va., Richmond, Va., Richard Parker, Asst. U.S. Atty., Alexandria, for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on July 16, 1992 on cross motions for summary judgment. Both parties agree that no material facts are in dispute and the court should decide this case on the summary judgment motions.

The plaintiff, Lands' End, Inc., is a retailer of merchandise, primarily through its mail order catalogue. In fiscal year 1991, Lands End catalogue sales generated over $579 million in revenues, approximately 96% of Lands' End's total revenue. At least once a month, Lands' End publishes and distributes mail order catalogues throughout the United States and foreign countries. Lands' End's catalogues display merchandise that is offered for sale.

The catalogue displays include a picture and a description of each item, and often a trademark is used on the catalog display to identify the item. In this case, Lands' End is attempting to register the term

"KETCH" as a trademark to be associated with a certain kind of purse. Lands' End has submitted a page of its catalog showing the picture of a purse, a verbal description, and the term "KETCH" as they allege constitutes trademark usage. The alleged trademark "KETCH" appears prominently in large bold lettering on the display of purses in the Lands' End specimen in a manner which closely associates the term with the purses.

On January 16, 1990, the plaintiff applied to the Patent and Trademark Office (PTO) to register the term "KETCH" for use in connection with purses (Trademark Application Serial No. 74/018,923). The specimen submitted with the plaintiff's trademark application consists of portions of the plaintiff's mail order catalog. A trademark examining attorney refused registration on the ground that the specimen was not acceptable as evidence of actual trademark use. The plaintiff appealed to the Trademark Trial and Appeal Board (TTAB), which is a board within the Patent and Trademark Office (PTO). The TTAB held that the plaintiff's specimen did not qualify as a "display associated with the goods" and did not constitute trademark use of the alleged mark. The plaintiff appealed that decision by filing a civil action in the United States District Court for the Western District of Wisconsin, and the case was transferred to the Eastern District of Virginia on May 15, 1992.

The plaintiff has appealed the refusal of registration pursuant to 15 U.S.C. § 1071(b). This court has jurisdiction under 15 U.S.C. § 1071(b) which provides that "Whenever a person authorized by subsection (a) of this Section to appeal to the United States Court of Appeals for the Federal Circuit is dissatisfied with the decision of the Commissioner or Trademark Trial and Appeal Board, said person may, unless appeal has been taken to said United States Court of Appeals for the Federal Circuit, have remedy by a civil action ..."

■ The question for determination here is whether Lands' End's use of the term "KETCH" in the manner described above in its retail catalogue constitutes a use of "displays associated" with the goods satisfying the use in commerce provision in 15 U.S.C. § 1127.

Section 1 of the Trademark Act, 15 U.S.C. § 1051, provides in pertinent part that:

(a) The owner of a trademark used in commerce may apply to register his or her trademark under this chapter on the principal register established:

(1) By filing in the Patent and trademark Office—

(A) a written application ...

* * *

(C) such number of specimens or facsimiles of the mark as used as may be required by the Commissioner.

The phrase "used in commerce" is defined in section 45 of the Trademark Act:

For purposes of the act, a mark shall be deemed to be in use in commerce—

(1) on goods when—

(A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and

(B) the goods are sold or transported in commerce ... 15 U.S.C. § 1127.

■ The trademark statute does not require that the mark be affixed or have "close physical association" to the goods. The terms of the statute are met if the mark is placed in any manner on a "display associated" with the goods. *Id.* *In re Marriott,* 459 F.2d 525, 526 (C.C.P.A.1972). Specimens are invalid for registration purposes only if they constitute mere advertising. *See In re Shipley Co.,* 230 U.S.P.Q. 691, 694 (T.T.A.B.1986). A "line of demarcation" should be drawn between mere advertising and a display associated with the goods. *Id.*

In *Marriott,* the examiner refused to register the words "TEEN TWIST" as a trademark for a sandwich on the grounds that menus do not represent proper trade-

mark usage as displays associated with the goods. The court reversed, however, finding that the menu item "TEEN TWIST" was a display directly associated with the applicant's goods.

The court noted that the menu and the alleged mark indicated ingredients which compose the "TEEN TWIST" sandwich along with an illustration. The customer made his selection from this depiction of the sandwich and the item was emphasized by the mark "TEEN TWIST." The point-of-sale nature of the display was significant to the court's opinion, which concluded that the "association of the mark on the menu with the sandwich which the customer receives is sufficient to constitute use of the mark on 'displays associated' with the goods," thus satisfying the trademark statute. *Id.* at 527.

■■■ The determination of whether a specimen is mere advertising or a display associated with the goods is a factual question amenable to proof. *Shipley,* 230 U.S.P.Q. at 694. A crucial factor in the analysis is if the use of an alleged mark is at a point of sale location. A point of sale location provides a customer with the opportunity to look to the displayed mark as a means of identifying and distinguishing the source of goods. *Id.*

The *Shipley* opinion involved an analogous set of facts to the present case because the applicant used trade show booths to display the alleged mark. These booths were actually sales counters for the applicant's products even though the chemicals being sold were not physically present at the booth. The alleged mark was prominently displayed on the booth along with other advertising material. The customer could then associate the mark with the chemical in deciding whether to buy the product.

The plaintiff, Lands' End, is a retailer of merchandise who distributes mail order catalogs throughout the United States. The catalogs display the merchandise that is offered for sale, with descriptions and pictures designed to make a sale to a customer. The pictures and words describing the goods are supplemented by specifications and options from which the customer can choose. These options include the various prices, colors, and sizes of the product. An order form and telephone number is also provided so that a customer can make a decision to purchase an item straight from the identification in the catalogue. Lands' End delivers the item shortly after receiving the order from the customer.

Lands' End's use of the term "KETCH" with the picture of the purse and corresponding description constitutes a display associated with the goods. The catalogue is by no means "mere advertising." A customer can identify a listing and make a decision to purchase by filling out the sales form and sending it in or by calling in a purchase by phone. A customer can easily associate the product with the word "KETCH" in the display. The mark and the accompanying description also distinguish the product from others. The point of sale nature of this display, when combined with the prominent display of the alleged mark with the product, leads this court to conclude that this mark constitutes a display associated with the goods.

Because the use of the mark in question satisfies the trademark statute, the decision of the Trademark Trial and Appeal Board should be reversed.