This Opinion is a
Precedent of the TTAB

Mailed: June 3, 2016

UNITED STATES PATENT AND TRADEMARK OFFICE

____

Trademark Trial and Appeal Board

____

*In re WAY Media, Inc.*

____

Serial No. 86325739

____

Jennifer L. Whitelaw of Whitelaw Legal Group,
    for WAY Media, Inc.

Tiffany Chiang, Trademark Examining Attorney, Law Office 113,
    Odette Bonnet, Managing Attorney.

____

Before Quinn, Wolfson, and Lynch,
        Administrative Trademark Judges.

Opinion by Lynch, Administrative Trademark Judge:

## I.    Background

WAY Media, Inc. ("Applicant") seeks registration on the Principal Register of the mark WORLD'S BIGGEST SMALL GROUP, in standard character form,  for "radio broadcasting  services;  radio  broadcasting;  radio  program  broadcasting;  internet

broadcasting services; broadcasting radio programs via the internet; broadcasting of music via the internet, namely, delivery of digital music by electronic transmission; streaming of audio material on the internet; providing a website over a global computer network featuring information on radio broadcasting" in International Class 38.[1] The application, as filed, also contained entertainment, e-mail newsletter services, and website-related services in International Class 41 and charitable outreach services in International Class 45.

The Examining Attorney refused registration of Applicant's mark for the services in International Class 38 under Sections 1 and 45 of the Trademark Act, 15 U.S.C. §§ 1051 and 1127, based on the failure of the specimens to show use of the mark in connection with the identified services. The application was not finally refused registration in Classes 41 and 45, and, at Applicant's request, those services were moved into a divisional or "child" application, which proceeded to registration, based on the same specimens at issue in this case.[2]

When the Examining Attorney made the refusal final for the services in International Class 38, Applicant appealed. The appeal has been fully briefed. We affirm the refusal to register.

---

[1] Application Serial No. 86325739 was filed July 1, 2014, based on Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a).

[2] The divisional application is Application Serial No. 86976324, which has matured into Registration No. 4804262.

II.    Failure to Show Use of the Mark for the Services

Section 1(a)(1) of the Trademark Act, 15 U.S.C. § 1051(a)(1), provides that an application must be accompanied by a specimen of the mark as used in commerce. According to Section 45, 15 U.S.C. § 1127, a service mark is used in commerce "when it is used or displayed in the sale or advertising of services." *See also* 37 C.F.R. § 2.56(b)(2). Such use may be established by: (1) showing the mark used or displayed as a service mark in the sale of the services, which includes use in the course of rendering or performing the services, or (2) showing the mark used or displayed as a service mark in advertising the services, which encompasses marketing and promotional materials. *See In re Metriplex, Inc.*, 23 USPQ2d 1315, 1316-17 (TTAB 1992) (an acceptable specimen need not explicitly refer to the services if it "show[s] use of the mark in the rendering, i.e., sale, of the services"); *In re Red Robin Enters.*, 222 USPQ 911, 914 (TTAB 1984) (stating that "rendition" of services is properly viewed as an element of the "sale" of services). An acceptable specimen must show "some direct association between the offer of services and the mark sought to be registered therefor." *In re Universal Oil Products Co.*, 476 F.2d 653, 177 USPQ 456, 457 (C.C.P.A. 1973). A specimen that shows only the mark with no reference to, or association with, the services does not show service mark usage. *In re Adair,* 45 USPQ2d 1211, 1214-15 (TTAB 1997); *In re Duratech Industries Inc.,* 13 USPQ2d 2052, 2054 (TTAB 1989). Specimens showing the mark used in rendering the identified services need not explicitly refer to those services in order to establish the requisite direct association between the mark and the services, but "there must be

something which creates in the mind of the purchaser an association between the mark and the service activity." *In re Johnson Controls, Inc.*, 33 USPQ2d 1318, 1320 (TTAB 1994). For specimens showing the mark in advertising the services, "[i]n order to create the required 'direct association,' the specimen must not only contain a reference to the service, but also the mark must be used on the specimen to identify the service and its source." *In re Osmotica Holdings Corp.*, 95 USPQ2d 1666, 1668 (TTAB 2010).

In three separate submissions, Applicant provided a total of 18 pages of specimens purportedly showing its use of the mark in connection with radio broadcasting.[3] Applicant describes the first two submissions, which come from Applicant's website, as "a display associated with the services," and describes the third submission of two pages of screen captures from YouTube as an "advertisement for radio broadcasting services." *See* Trademark Manual of Examining Procedure ("TMEP") § 1301.04 (April 2016) (consideration given to an applicant's explanation of the specimen). Of the 18 pages of specimens, Applicant focuses its arguments on four pages as showing acceptable use, and they are reprinted, along with one additional page, below:

---

[3] December 5, 2014 Response to Office Action; January 7, 2015 Response to Office Action; January 28, 2015 Request for Reconsideration. Although Applicant filed the initial application based on use in commerce, the application omitted the required specimen of use.

Serial No. 86325739



Serial No. 86325739

# The Wayfinding Bible ✈ ➡ ➰



In 50 readings , you'll cover the most important events in the Bible, gaining an overview of how these events tell one big story.

sponsored by the **W:lly**show**WAY-FM**

# Today's Reading

## Exploration Point *(from the Wayfinding Bible)*

The climax of God's creation was the formation of humans. Male and female were made in his image. You are like him. Out of all of Creation, you carry his image, breathed into you by his breath of life. No other part of Creation can claim to have his image or his breath. You are infused with his likeness through your moral conscience and spiritual awareness. When you are feeling beaten down and questioning yourself, these truths can be of great encouragement.

## Genesis 1-2

### The Account of Creation

1 In the beginning God created the heavens and the earth. 2 The earth was formless and empty, and darkness covered the deep waters. And the Spirit of God was hovering over the surface of the waters.

f Friend us on Facebook

Forward this to a friend

Check-In today's reading

Download the Free eBook







Applicant essentially argues that the specimens are sufficient both as advertisements and as examples of use of the mark in the course of rendering broadcasting services. In its initial brief, Applicant contends that the specimens show use "in the rendering and performance" of the services.[4] In its reply brief, Applicant contends that the specimens "refer to the services, by clearly specifying the radio call letters WAY-FM, the ability to 'Listen' to the radio broadcast live or streaming, and the many images of radio broadcasting occurring, among other references therein."[5] Regarding the YouTube screen captures in particular, Applicant alleges that the

---

[4] 5 TTABVUE at 6.

[5] 8 TTABVUE at 4.

photos "show a radio broadcast booth environment" appearing on the same page as the mark.[6]

In its brief, Applicant states, "Applicant shows herein that the specimens of record plainly support use of the mark in the rendering and performance of the radio broadcasting services."[7] Applicant contends that the specimens are acceptable representations of how it uses the mark in association with radio broadcasting, and we therefore focus our discussion on whether the specimens of record show use in connection with that service.[8] Notably, the TMEP provides specific guidance on these services, as follows:

> "Radio broadcasting services" (Class 38) would be an appropriate identification when a radio station uses a mark, such as call letters, to indicate the source of its broadcasting services generally. On the other hand, if an applicant is using the name of a weekly comedy television show as a mark, "television broadcasting services" would not be appropriate because the mark does not serve to identify and distinguish the electrical transmission of the program. Instead, the applicant should identify the services as "television entertainment services in the nature of an ongoing series of comedy programs" (Class 41).

---

[6] 5 TTABVUE at 6.

[7] *Id. See also* January 29, 2015 Request for Reconsideration (asserting that the initial specimens and substitute specimens show the mark in use in connection with radio broadcasting services).

[8] We also note that the specimens do not support any of the other services recited in the identification for International Class 38. For the same reasons that the specimens do not show use with radio broadcasting, they fail to show use in connection with internet broadcasting and streaming services. Similarly, none of the specimens shows use in connection with providing a website featuring information on radio broadcasting because they do not refer to or contain information on radio broadcasting.

TMEP § 1402.11. Thus, as distinct from the entertainment services for which Applicant already registered this mark, use as the name of a program will not suffice to show use as a broadcasting service.

We have carefully considered all 18 pages of specimens submitted, yet focus the discussion herein on pages emphasized by Applicant or that otherwise provide especially useful context.

On the first page reprinted above,[9] the webpage includes the phrase WORLD'S BIGGEST SMALL GROUP as a heading and in a logo, and the accompanying text describes it as a program "to read through the Bible" in eight weeks. The text further states, "we have made the World's Biggest Small Group free and easy," and at the end invites the reader to "join the World's Biggest Small Group today." The page contains no explicit reference to radio broadcasting services, as would be required for an advertising specimen. In considering it as a potential specimen of use in the course of rendering broadcasting services, we find a lack of association between the phrase WORLD'S BIGGEST SMALL GROUP and any broadcasting service offered by Applicant. While Applicant has pointed to the "Listen" menu option on the left side of the webpage, the list of menu options appears directly under "WAY-FM" in large stylized font, and Applicant has acknowledged that these are its radio station call letters, in other words the identification of the source of the radio broadcasting. We find that consumers would associate the "Listen" option, and other options such as "DJ's" and "Contests" in the menu column, with the WAY-FM call letters that appear

---

[9] December 5, 2014 Response to Office Action at 2.

above the menu column, rather than with the words WORLD'S BIGGEST SMALL GROUP.

The second specimen page reprinted above[10] displays the mark next to the text: "In 50 readings, you'll cover the most important events in the Bible, gaining an overview of how these events tell one big story," with the further indication "sponsored by the Wally Show WAY-FM." A passage from the Bible appears underneath. No option to listen to a broadcast appears on this page, and the reader is offered an option to "Check-In today's reading" and "Download the Free eBook." Moreover, the specimen does not explicitly refer to the broadcasting services other than under the WAY-FM mark, and gives no indication that the mark WORLD'S BIGGEST SMALL GROUP appears in the course of rendering broadcasting services. We find that the involved mark again appears to refer to a program involving Bible-reading.

On the third specimen page reprinted above,[11] Applicant's webpage shows a screen capture from a video that apparently can be played through YouTube (based on the indication in the lower right corner of the video still). The introductory text above the screen capture states, "Carlos from the WAY-FM Afternoon shares leads [sic] Day 3 of the World's Biggest Small Group! Today's topic: How do you feel about money. Check out what he has to say in today's video." Underneath the screen capture, an additional caption states, "Want more devotions like this one? You can still join the

---

[10] *Id.* at 4.

[11] January 7, 2015 Response to Office Action at 2.

World's Biggest Small Group right here," and beneath that, the mark appears again in large font and in smaller font in a list of "Related Topics." On the left side of the webpage, the same column of menu options discussed previously appears under the heading "SOUTHWEST FLORIDA 89.5/100.5" beneath another design and wording that has been cut off from Applicant's specimen, such that the full webpage is not visible. This specimen fails to advertise broadcasting services, as they are not mentioned. The specimen also fails to show use in rendering radio broadcasting services because the YouTube video does not qualify as such a service, and, as with the same menu option on the previous webpage, the "Listen" link to the left appears to be associated with the radio station transmitting at 89.5 and 100.5 (presumably WAY-FM). Also, Applicant's specimen appears to be an incomplete representation of the full webpage, and some wording with a red background design that appears above the menu column has been cut off. That wording with a red background design may also be a source-indicator more likely to be associated with the "Listen" link than would WORLD'S BIGGEST SMALL GROUP. On this page, the wording in the mark appears to be used in connection with a video "devotion" that is part of the program. Nothing on the page shows or suggests use of WORLD'S BIGGEST SMALL GROUP as a service mark for radio broadcasting.

The second page of that same specimen submission (not reprinted herein)[12] contains no reference to or evidence of radio broadcasting, and employs the phrase WORLD'S BIGGEST SMALL GROUP in connection with "reading God's Word along

---

[12] *Id.* at 3.

with us in our daily e-mail devotions and taking on our Live (it) Out Challenges each day."

Finally, Applicant's third specimen submission, consisting of the two screen captures from YouTube,[13] merely shows that Applicant uses the online platform established by YouTube to post videos that relate to its WORLD'S BIGGEST SMALL GROUP program. The specimen does not show use in the course of rendering radio broadcasting services, which would not occur through YouTube. The specimen cannot qualify as an acceptable advertisement due to the lack of any reference to the broadcasting services. We are not persuaded by Applicant's argument that because these YouTube screen captures show a "radio broadcast booth environment," they refer to radio broadcasting services, as opposed to a radio program, or show use of the involved mark in the course of rendering radio broadcasting services. The use of the mark as a caption to a video posted on YouTube simply gives no evidence of use with a radio broadcasting service, and the presence of a microphone in the background of the screen capture does not constitute a sufficient reference to radio broadcasting.

Considering all the specimens in their totality, it seems clear that the phrase WORLD'S BIGGEST SMALL GROUP appearing on the specimens refers to Applicant's Bible-reading and devotion program. We find no direct association in any of the specimens between WORLD'S BIGGEST SMALL GROUP and radio broadcasting. Nothing on these pages demonstrates that consumers would perceive

---

[13] January 28, 2015 Response to Office Action at 2-3.

the phrase WORLD'S BIGGEST SMALL GROUP as a source indicator for radio broadcasting services.

III.    Conclusion

**Decision**: The refusal to register Applicant's mark in International Class 38 is affirmed.