THIS OPINION IS A
PRECEDENT OF
THE TTAB

Oral Hearing:
November 17, 2016

Mailed:
February 9, 2017

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

Trademark Trial and Appeal Board

_____

*In re Kohr Brothers, Inc.*

_____

Serial No. 85430114

_____

James C. Wray, Esq.
    for Kohr Brothers, Inc.

John Dwyer, Trademark Examining Attorney,
    Law Office 116 (Christine Cooper, Managing Attorney).[1]

Before Zervas, Ritchie and Greenbaum, Administrative Trademark Judges.

Opinion by Zervas, Administrative Trademark Judge:

Kohr Brothers, Inc. ("Applicant") seeks registration on the Principal Register of the mark CONEY ISLAND BOARDWALK CUSTARD (in standard characters, CONEY ISLAND and CUSTARD disclaimed) for "frozen desserts, namely, frozen custards" in International Class 30.[2]

---

[1] Examining Attorney Brittany Lee-Richardson argued for the USPTO in the Oral Hearing.

[2] Application Serial No. 85430114 was filed on September 23, 2011, under Section 1(b) of the Trademark Act, 15 U.S.C. § 1051(b), claiming a *bona fide* intent to use the mark in commerce. A Notice of Allowance issued on May 22, 2012 and Applicant filed a Statement of Use on May 21, 2015, claiming first use anywhere and first use in commerce on May 21, 2015.

The Examining Attorney issued a final Office Action finding the specimen of use filed with the Statement of Use unacceptable under Trademark Act §§ 1 and 45, 15 U.S.C. §§ 1051 and 1127, and 37 C.F.R. §§ 2.34(a)(1)(iv) and 2.56(a), because it was not a point of sale display associated with the goods, but appeared to be mere advertising material. Applicant filed a notice of appeal with the Board and a request for reconsideration. The Examining Attorney was not persuaded by Applicant's arguments in its request for reconsideration and continued the refusal. When the appeal was resumed, Applicant and the Examining Attorney each filed a brief. At Applicant's request, the Board conducted an oral hearing. We affirm the refusal to register.

The sole issue in this appeal is whether the specimen submitted by Applicant with its Statement of Use is an acceptable specimen to show use of the mark in connection with the identified goods.

*Applicable Law*

Section 1 of the Trademark Act establishes that the owner of a trademark used in commerce may apply to register the trademark on the Principal Register by filing a written application and specimens of the mark as it is used in commerce. Section 45 of the Trademark Act states that a mark is deemed to be in use in commerce

> (1) on goods when-
>
>> (A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and

(B) the goods are sold or transported in commerce.

"Section 45 of the Trademark Act does not define the term 'displays associated therewith,' and … the Board must make a case-by-case determination of whether a particular use asserted to be a 'display' is adequate to demonstrate use in commerce." *In re Shipley Co. Inc.*, 230 USPQ 691, 692 (TTAB 1986). "It long has been held that mere advertising is not sufficient to show trademark use." *In re Quantum Foods Inc.*, 94 USPQ2d 1375, 1379 (TTAB 2010) (citing *Powermatics, Inc. v. Globe Roofing Prods. Co.*, 341 F.2d 127, 144 USPQ 430, 432 (CCPA 1965) ("it being well settled that mere advertising … do[es] not constitute technical trademark use"); *Land's End, Inc. v. Manbeck*, 797 F.Supp. 511, 24 USPQ2d 1314, 1316 (E.D. Va. 1992) ("Specimens are invalid for registration purposes only if they constitute mere advertising."); *In re MediaShare Corp.*, 43 USPQ2d 1304 (TTAB 1997)). *See also* Trademark Rule 2.56, 37 C.F.R. § 2.56.

We turn to Applicant's specimen filed with its application, which is reproduced below:



Applicant argues that the "conspicuously displayed sign depicts a picture of the goods offered for sale in the Boardwalk stand – the frozen custard"; that the specimen is a display associated with the goods offered for sale in a boardwalk stand; and that the goods, frozen custards, are in close proximity to the specimen as displayed.[3] Further, Applicant maintains that the mark may not be practically placed on the goods; and that the sign is in a conspicuous location for public view. Applicant adds:

> There is no window. A potential purchaser walks up to a counter. The point-of-sale display sign is on a wall facing a prospective purchaser in a front public service area of a stand. As shown, the specimen is about two feet away from the prospective purchaser, and is at the prospective purchaser's eye level. The prospective purchaser sees the point-of-sale display and the goods depicted on the display and orders the

[3] 4 TTABVUE 4.

goods, a frozen custard in a cone, as depicted on the display. The purchaser pays for the goods. The goods shown on the point-of-sale display are dispensed by a server and handed to the purchaser. The goods are frozen custard in an edible cone, as depicted in the display.[4]

Whether a specimen is a display associated with the goods[5] is a question of fact. *Land's End Inc.*, 24 USPQ2d at 1316; *In re Hydron Techs. Inc.*, 51 USPQ2d 1531, 1533 (TTAB 1999). A "factor in the analysis of whether a specimen is an acceptable display used in association with the goods is whether the mark is displayed in [ ] … such a way that the customer can easily associate the mark with the goods." *In re Osterberg*, 83 USPQ2d 1220, 1223 (TTAB 2007) (citing *Land's End Inc.,* 24 USPQ2d at 1316; *In re Dell, Inc.*, 71 USPQ2d 1725, 1728 (TTAB 2004); *In re Hydron Techs. Inc.,* 51 USPQ2d at 1534; *In re Shipley,* 230 USPQ at 694)). *See also,* TMEP § 904.03(g) ("These items must be designed to catch the attention of purchasers and prospective purchasers as an inducement to make a sale. Further, the display must prominently display the mark in question and associate it with, or relate it to, the goods.").

Applicant presents two bases for its argument that its specimen qualifies as a display associated with the goods. First, it asserts the specimen sign or display includes a picture of the goods. Second, it asserts the goods are in close proximity to

---

[4] 4 TTABVUE 6. Presumably, Applicant's reference to lack of a window refers to the following statement in TRADEMARK MANUAL OF EXAMINING PROCEDURE ("TMEP") § 904.03(g) (January 2017), "[d]isplays associated with the goods essentially comprise point-of-sale material such as … window displays … ."

[5] "A display used in association with the goods is essentially a point-of-sale display designed to catch the attention of purchasers as an inducement to consummate a sale." *In re U.S. Tsubaki, Inc.*, 109 USPQ2d 2002, 2003 (TTAB 2014) (citing *In re Shipley*, 230 USPQ at 694).

the specimen sign as displayed. In regard to the first contention, a display associated with goods certainly must show the mark, but need not necessarily include a photograph or, as in this case, a sketched drawing, of the goods. *See In re Sones*, 590 F.3d 1282, 93 USPQ2d 1118, 1122 (Fed. Cir. 2009) (noting that whether a display specimen contains a picture of the goods is not dispositive in determining whether a display qualifies as sufficiently associated with the goods). Thus, the issue is not settled merely because of Applicant's inclusion of a visual representation of its goods in the mark itself. Typically, specimens asserted to qualify as a display associated with the goods because they include the mark and a photo or picture of the goods are found in cases involving web pages or catalogs, and serve as specimens when accompanied by sufficient information to allow for ordering the goods. *See Land's End, Inc.*, 24 USPQ2d at 1316; and *In re Valenite Inc.*, 84 USPQ2d 1346, 1349 (TTAB 2007). Applicant's specimen is not of this type, and contains no information about the goods, portion sizes, flavors, cost or the like. Moreover, we find the stylized drawing of the frozen custard cone to be evocative of the Coney Island amusement park in Brooklyn, New York and intended to reinforce the connotation of the wording in the sign and its interplay with the design on the right of the specimen, a stylized Ferris wheel. Thus, the depiction of a cone in this particular specimen is more likely to be perceived as part and parcel of a composite word and design mark, than as an unmistakable indication of the nature of Applicant's goods.

Turning to Applicant's second contention, that the actual goods for sale are in close proximity to the mark shown on the specimen, there is nothing in the photograph to

support the argument. We find that while the display of the mark may be used at the point of purchase, the mark in the specimen is not displayed at the point of purchase in such a way that the customer can easily and directly associate the mark with the goods, which are said to be in proximity but not shown to be so. *Cf. In re Universal Oil Prods. Co.,* 476 F.2d 653, 177 USPQ 456, 457 (CCPA 1973) (term must have "direct association" with applied-for services); *see also In re Safariland Hunting Corp.,* 24 USPQ2d 1380, 1381 (TTAB 1992) (specimen must show "direct association" with goods).

Additionally, the sign is rather small, about the size of an envelope; because of its small size, it would not necessarily catch the eye of the consumer. Further, the sign is positioned next to a business license and a certificate from the Delaware Health and Social Services Division of Public Health, hardly a place where a merchant would place material intended "to catch the attention of purchasers and prospective purchasers as an inducement to make a sale." TMEP § 904.03(g). In any event, while a consumer might look for a menu posted on a wall facing prospective customers,[6] a consumer would not regard a sign placed together with certificates from the health department and a regulatory agency to be a trademark for the goods. Hence, the sign cannot be considered a display associated with the goods.

Even if one were to assume that it is impractical to place the mark on the goods, as Applicant maintains, the mark on the specimen is not displayed in such a way that

---

[6] The sign in this case references only one food item (custard) with no reference to flavor or price, as opposed to giving a list of food items along with their prices, information that is normally conveyed in a menu.

the customer would be likely to associate the mark with the goods such that the specimen serves as an inducement to the sale of the goods. In view thereof, the specimen is not a display that is easily and directly associated with the goods and cannot serve to support the required showing of use.

*Decision*:  The refusal to register Applicant's mark is affirmed.